STRICKLAND v. STRICKLAND et al.

LUMPKIN, J.  An equitable petition sought to enjoin a sale which was advertised to be held under a decree rendered in a former proceeding also of an equitable character. It was alleged that the plaintiff in the present case was the plaintiff in the former case, but was absent when it came on for trial, and that the decree was taken by consent of counsel, without his - authority.  Certain detached excerpts from the former decree were set out and attacked as illegal; but the decree as a whole was not set out, nor was the former litigation set forth at all, either by attaching a copy of the record as an exhibit or by stating its substance; and it is impossible to understand its nature, allegations, and prayers.  It appeared that the former decree was rendered more than three years before the present petition was filed.  There was nothing to show when the plaintiff first had knowledge of its rendition, or whether he acquiesced in it, or why he had not sooner moved to set it aside, if it was improperly rendered.  There was no prayer to set it aside in the present petition.  The presiding judge refused to sanction the petition or to grant any order on it.  Held, that while some of the excerpts from the former decree appear to be peculiar, and perhaps not in accord with the law as to determining amounts and making sales, this court is unable, under the fragmentary and uncertain allegations of the petition, to hold that the presiding judge erred.

Judgment affirmed.  All the Justices concur.
MAY 16, 1912.

Petition for injunction.  Before Judge Thomas.  Lowndes superior court.  November 6, 1911.

Hendricks & Christian and W. G. Harrison, for plaintiff.

O. M. Smith, for defendants.